IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Manuel Rebollo De La Luz, individually and on behalf of other similarly situated employees, Plaintiff
v.
Ignacio Noemi Food, Inc. dba Jake's Pizza Northbrook, Nachito Food, Inc. dba Pizano'z Pizza, and Ignacio Carvajal, individually, Defendants

## COMPLAINT

Manuel Rebollo De La Luz ("Plaintiff"), individually, and on behalf of other employees similarly situated (collectively "employees"), pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Ignacio Noemi Food, Inc. dba Jake's Pizza Northbrook ("Jake's Pizza"), Nachito Food, Inc. dba Pizano'z Pizza ("Pizano'z Pizza"), and Ignacio Carvajal (collectively, "Defendants"), and states:

### Introduction

1. This lawsuit arises from Defendants' violations of the overtime wage provisions of the FLSA and IMWL at Defendants' restaurants commonly known as Jake's Pizza located at 2722 Dundee Rd, Northbrook, Illinois and Pizano'z Pizza located at 1137 Weiland Rd, Buffalo Grove, Illinois.

2. Plaintiff is Defendants' former employee. Employees were not paid their earned overtime wages as required by the FLSA and IMWL. Defendants maintained and enforced a policy of paying Plaintiff, in cash in an attempt to conceal Defendants' obligation to pay him his earned overtime wages.

3. Defendants recorded and kept electronic records of the hours worked by employees. Despite the knowledge that employees worked more than forty (40) hours per week, Defendants did not pay employees their earned overtime wages.

4. Defendants shared the same employees at each restaurant location for a common business purpose, which had the effect of unifying the Defendants' operations.

5. Both corporate defendants are under the common control of Defendant Ignacio Carvajal.

**Jurisdiction and Venue**

6. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

7. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

8. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

9. Defendants owned and operated their restaurants within the three years preceding the filing of this complaint.

10. Defendants' are an enterprise under 29 U.S.C. § 203(r)(1).

11. Defendants' are engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Defendants' annual gross sales were $500,000.00 or more during the last three years.

13. Ignacio Carvajal resides in and is domiciled in this judicial district.

14. Ignacio Carvajal is the owner of Jake's Pizza and Pizano'z Pizza and is involved in their day-to-day business operations and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

15. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

16. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

17. Defendants maintained and preserved records of all hours that employees worked.

18. Defendants failed to maintain and preserve records of all wages they paid to employees.

19. Plaintiff worked for Defendants from approximately June 2015 to May 31, 2017.

20. Plaintiff worked as a cook and cashier during the relevant employment period.

21. Plaintiff worked up to 65 hours or more each week during the relevant employment period.

22. Defendants paid employees their regular rate for all hours worked each week during the relevant employment period.

## COUNT I: FLSA Overtime Wage Violation

23. Plaintiff incorporates all paragraphs above as if fully restated below.

24. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

25. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

26. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

27. Defendants did not pay employees overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

28. Plaintiff's wages were not based on the number of jobs performed or completed.

29. Plaintiff's wages were not based on the quality or efficiency of Plaintiff's job performance.

30. Plaintiff was not exempt from the overtime provisions of the FLSA.

31. Defendants' failure to pay overtime violated the FLSA.

32. Defendants' FLSA violation was willful because they maintained a scheme of paying employees their regular rate of pay for all hours worked.

33. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff in cash in an effort to conceal their obligation to pay him his earned overtime wages.

34. Defendants' FLSA violation was willful because they maintained a scheme of paying employees their regular rate of pay for all hours worked despite knowing that employees worked more than forty (40) hours per pay period.

35. Defendants knew that employees worked more than forty (40) hours per pay period because Defendants recorded and kepte records of the hours worked by employees.

36. Plaintiff is entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

37. Plaintiff incorporates all paragraphs above as if fully restated below.

38. This Count arises from Defendants' failure to pay employees all earned overtime wages.

39. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

40. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

41. Plaintiff worked more than forty (40) hours in individual work weeks.

42. Defendants did not pay earned overtime wages to employees.

43. Plaintiff was not exempt from overtime wages.

44. Defendants violated the IMWL by failing to pay Plaintiff his earned overtime wages.

45. Plaintiff is entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Monday, June 26, 2017.

_____
**Valentin T. Narvaez**
Plaintiff's counsel

**Consumer Law Group, LLC**
6232 N. Pulaski Rd., Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com